JAC/gm/237226

5261-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MORAN INDUSTRIES, INC., )
                        )
        Plaintiff, )
                        )
v. )     No. 03 C 8304
                        )
BFT, INC. D/B/A GREAT AMERICAN )     Judge Coar
BUSINESS PRODUCTS, )
                        )     Magistrate Judge Denlow
        Defendants. )

### NOTICE OF FILING

TO:     Mr. Jovan Jovanovic
          King & Jovanovic, PLC
          170 College Avenue
          Suite 230
          Holland, MI 49423

       **PLEASE TAKE NOTICE** that on the 9th day of January, 2004, there was filed with the United States District Court for the Northern District of Illinois, Eastern Division, **Answer and Affirmative Defenses of BFT, Inc.** copies of which are hereby served upon you.

                         BFT, INC. D/B/A GREAT AMERICAN
                         BUSINESS PRODUCTS

                         By: _____
                              One of Its Attorneys

Jacqueline A. Criswell
Pete V. Albanis
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive
Sears Tower, 22nd Floor
Chicago, IL 60606
(312) 627-4000
(312) 627-1717 (fax)

## PROOF OF SERVICE

I, the undersigned, on oath state that I served copies of the above-referenced documents upon the above-referenced party at the address listed above by mailing a copy to the above named individual(s) at the address(es) indicated above and deposited same in the U.S. Mail at 233 S. Wacker, Chicago, Illinois on the 9th day of January, 2004.

Subscribed and sworn to before me on
this 9th day of January, 2004.

Notary Public

```
OFFICIAL SEAL
CYNTHIA CLOSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-15-07
```

PVA/cic/236906                                                    5261-1-14

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

JAN 1 3 2004

| | | |
|---|---|---|
| MORAN INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 8304 |
| | ) | |
| BFT, INC. d/b/a GREAT AMERICAN | ) | Judge Coar |
| BUSINESS PRODUCTS, | ) | |
| | ) | Magistrate Judge Denlow |
| Defendant. | ) | |

FILED

JAN 9 2004

MICHAEL W. ...
CLERK, U.S. DISTRICT...

## ANSWER AND AFFIRMATIVE DEFENSES OF BFT, INC.

BFT, Inc. d/b/a Great American Business Products (hereinafter "BFT"), for its Answer and Affirmative Defenses to the Complaint, states as follows:

### JURISDICTION AND VENUE

1.      The present Complaint arises under an action for trademark infringement, unfair competition and false designation of origin under 15 U.S.C. § 1051 et seq.

**ANSWER:**   BFT admits that Moran Industries, Inc. ("Moran") purports to state causes of action under the laws described in this paragraph, but denies that BFT violated any of said laws.

2.      This Court has jurisdiction over the subject matter by virtue of 28 U.S.C. §§ 1331, 1338.

**ANSWER:**   BFT admits that Moran purports to state causes of action under the laws described in this paragraph and that this Court has jurisdiction over such subject matter, but denies that BFT has violated any of said laws.

3.      This Court has personal jurisdiction over Defendant by virtue of 735 ILCS §§ 5/2-209(a) and (c).  In particular, Defendant is advertising its business within this State, doing business in this State and has contacts with the State of Illinois

commensurate with the United States and Illinois Constitutions so as to submit itself to the jurisdiction and process of this Court.

**ANSWER:** The allegations contained in Paragraph 3 assert a legal conclusion to which no answer is required. To the extent that an answer may be required, BFT admits only that it does a minimal amount of business within Illinois.

4. Venue lies in this District by virtue of 28 U.S.C. §§ 1391(b) and 1391(c). Defendant is deemed to reside in this judicial district inasmuch as Defendant is subject to personal jurisdiction.

**ANSWER:** The allegations contained in Paragraph 4 state legal conclusions to which no answer is required. To the extent that an answer may be required, BFT admits that venue may be proper in this district but that the more appropriate venue is the U.S. District Court for the Southern District of Texas.

## PARTIES

5. Plaintiff Moran is a corporation having a place of business at 4444 West 147th Street, Midlothian, IL 60445.

**ANSWER:** BFT is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Defendant BFT, Inc. d/b/a Great American Business Products is a corporation having a place of business at 6701 Concord Park Drive, Houston, TX 77040-9802.

**ANSWER:** Admits.

## BACKGROUND

7. Plaintiff Moran has been using its automobile logo shown below in Figure 1 (hereinafter "Moran's Automobile Logo") in association with automobile repair since at least as early as December 1968. Such use has been continuous and widespread. Samples of Plaintiff's use of Moran's Automobile Logo are attached hereto as Exhibit A.

**ANSWER:** BFT has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 7. Further, BFT notes that while Moran alleges that it has

used the subject mark since December 1968, the certificate of registration attached as

Exhibit B lists the first use as August 18, 1987.

8.　　Plaintiff is the owner of the U.S. Trademark Registration No. 1,620,400 for Moran's Automobile Logo. The trademark application was filed on November 13, 1989 and was issued by the United States Patent and Trademark Office on October 30, 1990. The registration is in full force and effect. A copy of the Certificate of Registration from the United States Patent and Trademark Office is attached hereto as Exhibit B.

**ANSWER:**　　BFT states that the certificate of registration attached to the Complaint as

Exhibit B speaks for itself. BFT has insufficient knowledge to form a belief as to the

truth of the remaining allegations of Paragraph 8.

9.　　Defendant is in the business of providing goods to automotive service centers across the country. Such goods include service mirror hangers, post cards, advertising magnets, repair center floor mats, among other items. Such items are purchased and used by automotive service centers for use in association with automotive repair service.

**ANSWER:**　　BFT admits only that it provides certain goods, such as those delineated in

paragraph 9, primarily to automobile dealerships, with a small percentage of goods sold

to automotive service centers. BFT denies all remaining allegations of paragraph 9.

10.　　Among Defendant's products, Defendant has included a line of products which feature a caricature of an automobile shown in Figure 2 below (hereinafter Defendant's Logo). The line of products is intended for use by automotive service centers in association with automotive repair. Samples of Defendant's Logo on Defendant's goods is shown in Exhibit C.

**ANSWER:**　　BFT admits only that certain of its automotive products contain a car logo

which it developed, as illustrated in Exhibit C and that said products are marketed

primarily to automobile dealerships, with a small percentage of goods sold to

automotive service centers. BFT denies all remaining allegations of paragraph 10.

11.　　On information and belief, Defendant's adoption of Defendant's Logo and the sale of products bearing Defendant's Logo to automotive service centers began well after the adoption, use, application and registration of Moran's Automobile Logo by Moran.

3

**ANSWER:**   BFT has insufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11.

12.   There is a likelihood of confusion between Defendant's Logo and Moran's Automobile Logo for use in association with automotive repair.

**ANSWER:**   BFT denies the allegations of Paragraph 12.

13.   Consumers will be duped into believing that a service center that purchase products from Defendant, or that Defendant itself, is in some manner related to or sponsored by Plaintiff Moran.

**ANSWER:**   BFT denies the allegations of Paragraph 13.

14.   Defendant knew or should have know that the supply of such products bearing Defendant's Logo to automotive service centers will likely to and continues to be likely to cause confusion and mistake among consumers.

**ANSWER:**   BFT denies the allegations of Paragraph 14.

15.   Such confusion has caused and will continue to cause damage to Plaintiff, the extent of which is presently unknown.

**ANSWER:**   BFT denies the allegations of Paragraph 15.

## COUNT I – TRADEMARK INFRINGEMENT

BFT adopts and realleges its answers to the foregoing paragraphs 1-15 above.

16.   Plaintiff Moran is the owner of U.S. Trademark Registration No. 1,620,400 for Moran's Automobile Logo.

**ANSWER:**   BFT states that the certificate of registration for U.S. Trademark Registration No. 1,620,400 speaks for itself.

17.   Defendant knew or should have known that it has specifically caused others to adopt and use a confusingly similar mark to that of Plaintiff Moran. Such use is directed to services which are identical to and specifically directed to identical consumers.

**ANSWER:**   BFT denies the allegations of Paragraph 17.

18.   Defendant's supply or products bearing a mark confusingly similar to Moran's Automobile Logo to service centers is likely to cause confusion, mistake and/or deception.

**ANSWER:**    BFT denies the allegations of Paragraph 18.

19.    Defendant's supply of products bearing a mark confusingly similar to Moran's Automobile Logo to service centers has caused, and will continue to cause, irreparable harm to Plaintiff Moran, and unjust enrichment to Defendant.

**ANSWER:**    BFT denies the allegations of Paragraph 19.

20.    Defendant's actions, on information and belief, has been and continues to be in willful and wanton disregard for the rights of Plaintiff Moran.

**ANSWER:**    BFT denies the allegations of Paragraph 20.

21.    By way of such action, Defendant has violated the exclusive rights of Plaintiff Moran, which conduct comprises trademark infringement under 15 U.S.C. § 1114. On information and belief, such infringement has been and continues to be willful and wanton. Such conduct will continue unless and until enjoined by this Court.

**ANSWER:**    BFT denies the allegations of Paragraph 21.

## COUNT II – UNFAIR COMPETITION

BFT adopts and realleges its answers to the foregoing paragraphs 1-21 above.

22.    Plaintiff Moran is the owner of U.S. Trademark Registration No. 1,620,400 for Moran's Automobile Logo.

**ANSWER:**    BFT states that the certificate of registration for U.S. Trademark

Registration No. 1,620,400 speaks for itself.

23.    Defendant knew or should have known that it has specifically caused others to adopt and use a confusingly similar mark to that of Plaintiff Moran. Such use is directed to services which are identical to and specifically directed to identical consumers.

**ANSWER:**    BFT denies the allegations of Paragraph 23.

24.    Defendant's supply of products bearing a mark confusingly similar to Moran's Automobile Logo to service centers is likely to cause confusion, mistake and/or deception.

**ANSWER:**    BFT denies the allegations of Paragraph 24.

25.    Defendant's supply of products bearing a mark confusingly similar to Moran's Automobile Logo to service centers has caused, and will continue to cause, irreparable harm to Plaintiff Moran, and unjust enrichment to Defendant.

**ANSWER:**    BFT denies the allegations of Paragraph 25.

26.    Defendant's actions, on information and belief, has been and continues to be in willful and wanton disregard for the rights of Plaintiff Moran.

**ANSWER:**    BFT denies the allegations of Paragraph 26.

27.    By way of such action, Defendant has violated the exclusive rights of Plaintiff Moran, which conduct comprises unfair competition, namely, among other things, false designation of origin and dilution under 15 U.S.C. § 1125. On information and belief, such infringement has been and continues to be willful and wanton. Such conduct will continue unless and until enjoined by this Court.

**ANSWER:**    BFT denies the allegations of Paragraph 27.

## AFFIRMATIVE DEFENSES

1.    The claims asserted in the Complaint are barred by the doctrine of laches.

2.    The claims asserted in the Complaint are barred by the doctrine of equitable estoppel.

3.    The logo used by Moran is not protectable because it is not inherently distinctive and/or a weak mark.

4.    Moran's federal registration is invalid and should be cancelled.

5.    Moran's failure to object to BFT's continued use of its car logo since at least 1997 constitutes acquiescence in the use of said logo.

BFT, INC. d/b/a GREAT AMERICAN
BUSINESS PRODUCTS

By: _____
One of Its Attorneys

Jacqueline A. Criswell
Pete V. Albanis
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive
Sears Tower – 22nd Floor
Chicago, IL 60606
(312) 627-4000